IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01014-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

MICHAEL H. POUNDSTONE,

     Plaintiff,

v.

DENVER SHERIFF'S DEPT., and
DENVER HEALTH,

     Defendant.

---

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCY

---

     Plaintiff has submitted a Prisoner Complaint, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and Motion and two Prisoner's Motions and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.   The Court has reviewed Prisoner Complaint and the Application for a Writ of Habeas Corpus and finds that Mr. Poundstone is asserting civil rights claims rather than habeas corpus claims.

     Mr. Poundstone complains that he is being denied adequate medical care by the Defendants.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  It is well established in the Tenth Circuit that § 2241 is an improper vehicle for a prisoner to challenge the conditions of his confinement.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).  Generally, a state prisoner's

challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983.  *Id.*

Even liberally construing Mr. Poundstone's claims, he has failed to allege a valid factual

basis for a § 2241 action.  Accordingly, the § 2241 Application will be disregarded.

As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has

determined that the submitted documents are deficient as described in this order.

Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any

papers that the Plaintiff files in response to this order must include the civil action

number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:

| | | |
|---|---|---|
| (1) | __ | is not submitted |
| (2) | __ | is missing affidavit |
| (3) | X | is missing <u>certified</u> copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing (**account statement must be notarized by an appropriate official at the jail**) |
| (4) | __ | is missing certificate showing current balance in prison account |
| (5) | __ | is missing required financial information |
| (6) | __ | is missing an original signature by the prisoner |
| (7) | __ | is not on proper form (must use the court's current form): |
| (8) | __ | names in caption do not match names in caption of complaint, petition or habeas application |
| (9) | X | other: <u>Motion is necessary only if $350.00 filing fee is not paid in advance.</u> |

**Complaint, Petition or Application**:

| | | |
|---|---|---|
| (10) | __ | is not submitted |
| (11) | __ | is not on proper form (must use the court's current form) |
| (12) | __ | is missing an original signature by the prisoner |
| (13) | __ | is missing page nos. ___ |
| (14) | __ | uses et al. instead of listing all parties in caption |
| (15) | __ | names in caption do not match names in text |
| (16) | __ | addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application |
| (17) | __ | other: _____ |

Accordingly, it is

ORDERED that the Plaintiff cure the deficiency designated above **within thirty (30) days from the date of this order**.  Any papers which the Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that, if the Plaintiff fails to cure the designated deficiency **within thirty (30) days from the date of this order**, the complaint and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED April 18, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge