IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01014-BNB

MICHAEL H. POUNDSTONE,

    Plaintiff,

v.

DENVER SHERIFF'S DEPT., and
DENVER HEALTH,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Michael H. Poundstone, is being detained in the Denver County Jail. He initiated this action by filing a *pro se* Prisoner Complaint and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In both pleadings, Mr. Poundstone complains about the denial of adequate medical care at the jail. Therefore, the § 2241 Application has been disregarded, and this action is being construed as a civil rights action pursuant to 42 U.S.C. § 1983. **See McIntosh v. United States Parole Comm'n**, 115 F.3d 809, 811-12 (10th Cir. 1997); *see also* Order Directing Plaintiff to Cure Deficiency (ECF No. 6; filed April 18, 2012). Plaintiff has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

    On May 17, 2012, Magistrate Judge Boyd N. Boland determined that the Complaint was deficient because Mr. Poundstone failed to allege facts sufficient to subject the City and County of Denver ("Denver") and Denver Health to liability for his injuries under 42 U.S.C. § 1983. Specifically, Mr. Poundstone was advised that to hold

Denver liable, he must show that a municipal policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). The *Monell* standard also governs Mr. Poundstone's claim against Denver Health. *See Villalpando v. Denver Health & Hosp. Auth.*, No. 01-1450, 65 F. App'x 683, 686-87 (10th Cir. April 14, 2003) (generally observing that Denver Health and Hospital Authority is a "person" subject to municipal liability under § 1983). Therefore, Mr. Poundstone was directed to file an amended complaint. Mr. Poundstone was warned that the action would be dismissed without further notice if he failed to file an amended pleading within thirty days.

Mr. Poundstone has failed to file an amended complaint as directed by Magistrate Judge Boland in the May 17 Order, and he has not communicated with the Court since May 15, 2012. Therefore, the Complaint and action will be dismissed without prejudice.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and this action are dismissed without prejudice

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to file an amended pleading within the time allowed.  It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Plaintiff has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Poundstone may file a motion in the Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  5th  day of    July    , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court